# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOHN HENRY FREDERICK,

    Plaintiff,

vs.                                           Case No. 4:19cv332-AW/CAS

MARK S. INCH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a hand-written "Class Action Complaint" seeking injunctive and declaratory relief. ECF No. 1. Plaintiff also has recently filed several motions, ECF Nos. 3-6, but he did not file a motion seeking in forma pauperis status, nor did Plaintiff pay the filing fee to proceed with this case. Notwithstanding that deficiency, this case should not be delayed further because it cannot proceed.

Plaintiff is incarcerated within the Florida Department of Corrections and his complaint challenges the Department's policies concerning digital music and books. ECF No. 1. To the degree Plaintiff seeks to bring this case as a class action, he cannot do so because a prerequisite for class

action certification is a finding by the Court that the representative party can "fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). It is well established, however, that a pro se plaintiff "cannot be an adequate class representative." Gray v. Levine, 455 F. Supp. 267, 268 (D. Md. 1978) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)). "[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" Oxendine, 509 F.2d at 1407 (quoted in Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)). Courts in this Circuit have repeatedly declined to allo pro se prisoners to litigate a case on behalf of other prisoners. Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (holding that a pro se litigant "cannot bring an action on behalf of his fellow ... inmates"); Bass v. Benton, 408 F. App'x 298, 299 (11th Cir. 2011) (affirming dismissal of former prisoner's pro se § 1983 class action because a pro se plaintiff may not represent fellow inmates) (citing Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008)). Accordingly, Plaintiff cannot pursue this case as a class action.

More importantly, Plaintiff did not pay the filing fee at the time of case initiation and Plaintiff is not entitled to proceed with in forma pauperis status. Judicial notice is taken that Plaintiff did not use the complaint form

which is required by the Local Rules of this Court and which requires a pro se prisoner to disclose his prior litigation.  Nevertheless, the Court notes that Plaintiff has previously filed prior actions which have been dismissed on the grounds that they were frivolous, malicious, failed to state a claim, or sought monetary relief from a Defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff previously filed case number 6:18cv694-GAP-GJK in the Middle District of Florida.[1]  It was dismissed in June 2018 for failure to state a claim.  ECF Nos. 9-10 of that case.  Similarly, Plaintiff also filed case number 6:17cv349-PGB-KRS in the Middle District of Florida.  That case was dismissed in March 2017 because Plaintiff sought monetary damages from a federal judge (Judge Roy B. Dalton, Jr.) Because the judge dismissed one of Plaintiff's prior cases.  Because a judge has absolute judicial immunity, the case was summarily dismissed for failure to state a claim.  ECF Nos. 3-4 of that case.  In addition, Plaintiff filed case number 4:18cv482-WS-HTC which was dismissed by this Court in late March 2019 as malicious and an abuse of the judicial process because Plaintiff did not

---

[1] The Court has confirmed that each case cited was filed by the same Plaintiff, John Henry Frederick, with D.O.C. inmate number R17753.

Case No. 4:19cv332-AW/CAS

disclose all of his prior cases.  ECF Nos. 18-29 of that case.  Although Plaintiff has an appeal pending of that dismissal, the case still counts as a "strike" for purposes of § 1915(g).  Coleman v. Tollefson, --- U.S. ----, 135 S.Ct. 1759, 191 L.Ed.2d 803 (2015) (holding that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal") (quoted in Sussman v. Hampton, 703 F. App'x 761, 764 (11th Cir. 2017)).  Thus, Plaintiff has had at least three cases dismissed for reasons listed in 28 U.S.C. § 1915(e)(2)(B).

Accordingly, there is no need to provide Plaintiff with additional time in which to submit an in forma pauperis motion because Plaintiff is not entitled to proceed with in forma pauperis status and he cannot show that he is currently facing imminent danger as required by 28 U.S.C. § 1915(g).[2]  This case concerns digital media players and access to digital media.  There are no allegations that Plaintiff faces any danger of serious physical injury.

---

[2] That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Case No. 4:19cv332-AW/CAS

This case should be summarily dismissed because Plaintiff has had three prior cases dismissed which count as "strikes" and he is not under imminent danger of serious physical injury.  Dismissal should be without prejudice to Plaintiff submitting a complaint in a new case for which he pays the full $400.00 filing fee at the time of case initiation if Plaintiff desires to proceed with his claims against the Defendants named in this case.  <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." <u>Id.</u>

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee because Plaintiff is not facing imminent danger from the Defendant and all pending motions should be **DENIED**.  It is also **RECOMMENDED** that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on September 5, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.